THOMAS BOYLE, AND OTHERS,
vs.　　　　　　　}　JULY TERM, 1852.
JOHN W. PARKER ET AL.

[WILL AND CODICIL, CONSTRUCTION OF, ETC.—DEVISE OF RENTS AND PROFITS—ACT OF 1825, CH. 119.]

A TESTATOR bequeathed his whole estate, with some small exceptions, to his wife for life, with remainder in fee to his two surviving children and the children of a deceased daughter, and by a codicil, executed the same day, after reciting the devise to his wife, declared that he revoked "the same

in part," and then bequeathed the "rents, issues, and profits," of a certain house and lot, immediately after his death, to his two surviving children, "the same to be applied towards their support and education."
HELD—

That the intent of the testator, manifest upon the face of the will (construing the will and codicil as one instrument,) was simply to revoke the bequest to his wife, so far as the house was concerned, and to give the rents and profits of it for her life to his two surviving children, leaving the will after her death to operate upon it as upon the residue of his estate.

The will and codicil are to be construed together as one instrument, and are to be reconciled, as far as possible, but if irreconcilable, the codicil, as the last indication of the testator's mind, must prevail.

The devise of the profits of land does not, *ex vi termini*, pass the land, but only furnishes evidence of the intention of the testator that it shall pass, subject to be rebutted, of course, by the manifestation on the face of the will of a contrary intention.

In this case nothing is said in the codicil about disturbing the limitation over to the children and grandchildren, and the will and codicil are easily reconciled by making the latter apply only to and operate upon that part of the will which relates to the wife.

The devise in this case being not of lands, but of their rents and profits, and the intent of the testator being manifest upon the face of the will that the land should not pass, the Act of 1825, ch. 119, does not apply.

That Act applies to devises of lands or real property in general terms, without words of perpetuity, or limitation, and gives the entire estate and interest of the testator, unless by devise over, or by words of limitation or otherwise, a contrary intention is indicated.

---

[The only question in this case arises from the construction of the will and codicil of Patrick Ward, deceased, executed on the 25th of March, 1831. The will and codicil are sufficiently set forth, in the opinion of the Chancellor. After the death of the testator's widow, the property devised by the will was sold, for the purpose of distribution, under the proceedings in this case, and the representatives of the two surviving children of the testator claimed the entire proceeds of the sale of the house and lot mentioned in the codicil, to the exclusion of the testator's grandchildren mentioned in the will. This claim was disputed by said grandchildren, and the question was presented to the Chancellor, upon exceptions to the Auditor's report and accounts distributing the proceeds.]

---

THE CHANCELLOR:

This cause having been submitted by the written agreement

of the solicitors of the parties upon exceptions to the report of the Auditor, the proceedings and the notes of counsel have been read and considered.

The testator, Patrick Ward, by his will, duly executed in March, 1831, devised and bequeathed to his wife, Lilly Ward, his whole estate, real, personal, and mixed, with some inconsiderable exceptions, for life, with remainder absolutely to his children, and the children of a deceased daughter, naming them, to be equally divided into three parts, so that the children of his deceased daughter should receive one equal third part; and by a codicil, executed on the same day, in which, after reciting that by his will he had given and bequeathed his estate of every description to his wife, he says, "But now I do hereby revoke and annul the same, in part, and hereby give and bequeath, from and immediately after my decease, all the rents, issues, and profits of my two-story brick house in Exeter street, in Baltimore, No. 42, to my said two surviving children, Mary Ann and Edwin, the same to be applied towards their support and education;" and the question is, whether the codicil not only revokes the will, so far as the life estate given to the testator's widow is concerned, but whether it does not give to his two surviving children the absolute and entire interest in said house ?

The will and the codicil are to be construed together as one instrument, and are to be reconciled as far as possible, though, of course, if irreconcilable, the codicil, as the last indication of the testator's mind, must prevail. *Lee* vs. *Pindle*, 12 *G. & J.*, 288. And regarding the will and codicil as one instrument, an exposition of it is to be made, to attain, if possible, the intention, which is the first and great object of inquiry.

The testator in this case, by his will, had given his wife a life estate, with remainder to his surviving children, and the children of a deceased daughter, and prescribed the proportions in which they should take. In his codicil, he says he revokes this devise to his wife, in part, and he gives the rents, issues, and profits of this property, immediately after his decease, to his two surviving children, the same to be applied

towards their support and maintenance. He does not in terms revoke the devise of the remainder to his children and grand-children, after the death of his wife. That is left to stand, and if affected by the codicil, it is by implication and construc-tion only.

The codicil was manifestly made for the purpose of revok-ing, in part, the devise and bequest to the wife, and for no other purpose; and it would be giving, as I think, an effect to it not contemplated by the testator, to make it operate upon the devise over to his children and grandchildren. It is to be observed, that the codicil does not give the property in ques-tion to his children, in the terms usually employed in such cases. It does not give them the house No. 42, but "the rents, issues, and profits" of it, and these words are relied upon as sufficient to pass the title. But a devise of the profits of land does not, *ex vi termini*, pass the land, but only furnishes evidence of the intention of the testator that it shall pass; and if upon the face of the will a different intention is manifest, that evidence is rebutted. *Magruder et al.* vs. *Peters et al.*, 4 *G. & J.*, 323. My opinion is, that upon the face of this will, construing the will and codicil as one instrument, a contrary intention is sufficiently manifest to overcome the evidence of an intention to pass the land afforded by the devise of the rents and profits. There is upon the face of the codicil a plainly indicated intention to give the rents and profits only, and for a temporary purpose, that is, to provide the means of supporting and educating his two surviving children, until the devise over to them and his grandchildren, upon the death of his widow, should take effect. The codicil declares it to be the purpose of the testator to revoke and annul the devise and bequest to his wife only, and that only in part. Nothing is said about disturbing the disposition of the will, with respect to the limitation over to the children and grandchildren, after the death of the testator's widow, and the will and codicil can be easily reconciled by making the latter apply only to, and operate upon, that part of the will which relates to the wife. My opinion then is, that the testator having by his will given

his wife his entire estate for life, with the exception of some articles of little value, with remainder in fee to his surviving children, and the children of a deceased daughter, intended, with respect to this house, to revoke the devise to his wife, and give the rents and profits of it for her life to his surviving children, to support and educate them, leaving the will after her death to operate upon it as upon the residue of his estate, and that consequently the proceeds of it must be distributed amongst his surviving children and the children of his deceased daughter, in the proportions specified in his will, and the account B. being stated according to this view, will be confirmed.

I do not think the Act of 1825, ch. 119, can be made to operate upon this will. That Act applies to devises of lands or real property in general terms, without words of perpetuity or limitation, and gives the entire estate and interest of the testator, unless by devise over, or by words of limitation or otherwise, a contrary intention is indicated. The devise in this case is not of lands or real estate, but of their rents and profits, which, as we have seen, do not, *proprio vigore*, pass the land, but only *afford evidence* of the intention of the testator that it shall pass, subject to be rebutted, of course, by the manifestation on the face of the will of a contrary intention; and that contrary intention, as I think, is exhibited on the face of this will with sufficient distinctness to repel the evidence.

WM. H. COLLINS, for the Exceptants.
J. H. B. LATROBE, for the Respondents.